UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON GODDARD,

    Plaintiff,

        v.

SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL 32BJ,
*et al.*,

    Defendants.

Civil Action No. 14-1640 (JEB)

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Milton Goddard filed this action for wrongful termination in District of Columbia Superior Court on August 26, 2014. See ECF No. 1 (Notice of Removal), Atts. 1-2. After Defendants removed the case here and filed their Answer, the Court held an Initial Scheduling Conference on November 10, 2014. At such hearing, Plaintiff informed the Court that he did not wish to proceed with the case. The Court granted his request and dismissed the matter without prejudice. See Minute Order of Nov. 10, 2014. Ten months later, he now moves to reopen the case without offering any reasons for his change of heart. See ECF No. 10. Given his delay and his lack of any explanation therefor, the Court cannot grant the Motion, but Plaintiff may file a new case, assuming that procedural bars such as the statute of limitations so permit.

**I.      Legal Standard**

Federal Rule of Civil Procedure 60(b) governs relief from final judgments or orders. Rule 60(b)(1) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect." Motions

1

thereunder must be filed "within a reasonable time . . . and . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Rule 60(b)(6), the so called "catch-all provision," conversely, is not subject to a specific time limit, although such motions must also be made "within a reasonable time." Id. This latter provision allows the vacating of a judgment for "any other reason that justifies relief," but is only available in "extraordinary circumstances." Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 393 (1993).

The Court pauses here for one ancillary issue. When Plaintiff asked that the case be dismissed, the Court did so by Minute Order, but did not enter a separate judgment. Rule 58(c) states that "judgment is entered . . . [when] entered in the civil docket . . . and the earlier of these events occurs: it is set out in a separate document; or 150 days have run from the entry in the civil docket." In other words, when a district court enters an order that would otherwise constitute a final judgment but fails to set it forth in a separate document as required by Rule 58, the judgment is nevertheless considered final 150 days later. See Cambridge Holdings Group, Inc. v. Fed. Ins. Co., 489 F.3d 1356, 1363-64 (D.C. Cir. 2007). As a result, the Court still properly views Plaintiff's Motion as one for relief from either a judgment or a final order under Rule 60.

## II.     Analysis

As a threshold matter, the Court must discern what type of Rule 60(b) motion Goddard is bringing here, since he never invokes the rule. The Court will nevertheless read the Motion liberally to include requests for relief under both 60(b)(1) and 60(b)(6) given his *pro se* status. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (pleadings drafted by *pro se* plaintiff held to less stringent standards than pleading drafted by attorneys). A separate analysis of each subsection follows.

A. 60(b)(1)

Goddard's Motion under Rule 60(b)(1) fails at the outset because it has not been made within a "reasonable time," as required by Rule 60(c)(1). Although the latter Rule imposes a maximum time limit of one year for 60(b)(1) motions, this does not mean that any filing within that period is reasonable. See, e.g., Hilliard v. Int'l City/County Mgmt. Ass'n, No. 08-2201, 2014 WL 5741194, at *1 (D.D.C. Nov. 3, 2014). While the D.C. Circuit "has not identified a standard for assessing 'reasonable time,'" Salazar ex rel. Salazar v. District of Columbia, 633 F.3d 1110, 1118 (D.C. Cir. 2011), it has indicated that courts should assess "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Id. at 1118 n.5 (collecting cases) (internal quotation marks and citation omitted). The Court will consider each of these factors.

First, finality would be undermined by granting the Motion because the length of delay is significant: Plaintiff waited to file until approximately ten months after he voluntarily dismissed his case. See, e.g., Laxton v. Cincinnati Bell Tel., No. 07-797, 2010 WL 715667, at *5 (S.D. Ohio Feb. 23, 2010) (deeming ten-month delay in filing Rule 60(b) motion to be unreasonable largely due to finality concerns). Second, he offers no explanation whatsoever for the delay. Courts in this district, furthermore, have not given great weight to *pro se* status when evaluating delays in bringing Rule 60(b) motions. See, e.g., Carvajal v. Drug Enforcement Admin., 286 F.R.D. 23, 27 (D.D.C. 2012) ("That courts will often give *pro se* inmates more time to learn about case developments, however, does not mean that courts allow inmates significantly more time than other litigants to file [a 60(b) motion] after learning about the developments.

Moreover, there is no general excuse for a *pro se* plaintiff's procedural missteps in a civil case."); Scott v. United States, No. 05-2043, 2006 WL 1274763, at *1 (D.D.C. May 8, 2006) (finding that *pro se* 60(b)(1) motion filed more than two months after final judgment was untimely). Third, because Plaintiff does not cite any recently discovered grounds for reconsideration, he cannot claim inability to uncover such information as an excuse for the delay. Fourth, the other parties may be prejudiced as the suit becomes temporally removed from the underlying facts, and as defenses become harder to assemble. See Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 11 (D.D.C. 2008) (holding that "[a]lthough delay in and of itself does not constitute prejudice, the dangers associated with such delay, such as loss of evidence and increased difficulties in discovery, do establish prejudice") (internal quotation marks omitted). Plaintiff, moreover, has not set forth any harm he will suffer as a result of dismissal without prejudice; for example, he has not alleged a statute-of-limitations complication. Weighing all of the factors, then, the Court concludes that Goddard did not file his request for relief under Rule 60(b)(1) within a reasonable time.

Yet, even if he had done so, he still would not prevail here because he cannot satisfy the other factors. He himself voluntarily dismissed the case in open court and has alleged only that "when came to court the first time I we're confuse [*sic*]." Mot. at 2. This simple statement does not qualify as "mistake, inadvertence, surprise, or excusable neglect" sufficient to permit a vacating of the dismissal.

    B.    60(b)(6)

Moving to Rule 60(b)(6), which permits relief for "any other reason that justifies" it, the Court begins by noting that Goddard's request under this rule is also likely untimely. As one court in this district has explained, "In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment." Carvajal, 286

F.R.D. at 26; see also Brannum v. Buriltanu, No. 96-302, 1999 WL 680007, at *2 (D.D.C. July 28, 1999) (collecting cases and finding that this Circuit almost always denies 60(b)(6) motions filed more than three months after judgment is filed).  A more significant delay is permissible only if the movant bears "no fault for the delay and filed the motion as soon as feasible." Carvajal, 286 F.R.D. at 27.  As discussed at length above, that simply is not the case here.  This Court, moreover, has found nothing to suggest that *pro se,* non-incarcerated plaintiffs should be treated differently in assessing the timeliness of a Rule 60(b)(6) motion.

Even were the Motion timely, Plaintiffs ultimately cannot meet the high standard required to obtain relief under Rule 60(b)(6).  Although the language of that provision is "essentially boundless[,] . . . the Supreme Court has held that it applies only to 'extraordinary' situations," and the D.C. Circuit has cautioned that it should be used "sparingly."  Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Ackermann v. United States, 340 U.S. 193, 202 (1950), and Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).  Extraordinary circumstances exist, for example, "'when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . .'"  Salazar, 633 F.3d at 1121 (quoting Good Luck Nursing Home, 636 F.2d at 577).

The circumstances here are anything but extraordinary.  Plaintiff voluntarily dismissed his case and now, ten months later, wants it reopened.  The proper recourse is to file another suit, particularly since the case was dismissed without prejudice.

**III.     Conclusion**

The Court, accordingly, ORDERS that Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 21, 2015